IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GAYE LYNN DILEK BREWER,
    Plaintiff,

vs.                                  Case No.: 3:15cv132/RV/EMT

DAVID MORGAN, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

    This cause is before the court on Plaintiff's Tenth Amended Civil Rights Complaint filed under 42 U.S.C. § 1983 (ECF No. 24). Plaintiff was granted leave to proceed in forma pauperis (ECF No. 23).

    Because Plaintiff is proceeding in forma pauperis, the court may dismiss this case if satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The language in this subsection "tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and thus dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir.

1997). To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation and citation omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation and citation omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citation omitted). The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* (citing Fed. R. Civ. P. 8(a)(2)). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quotation and citation omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim

"are conclusory and not entitled to be assumed true." *Id.* at 681 (quotation and citation omitted). Stated succinctly:

> Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679. Finally, consistent with the foregoing precepts, in civil rights cases more than "mere conclusory notice pleading" is required, and a complaint is subject to dismissal "as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation and citation omitted). Upon review of Plaintiff's complaints, the court concludes that facts set forth by Plaintiff fail to state a claim for relief that is plausible on its face. Dismissal of this action is therefore warranted.

Plaintiff filed her initial complaint on March 26, 2015 (ECF No. 1). On June 19, 2015, Plaintiff filed an amended complaint, and then again on July 1, 2015, she filed a second amended complaint (ECF Nos. 12, 14). Then, over the course of twenty-eight days in October of 2015, Plaintiff filed her third through ninth amended complaints (ECF Nos. 15–20, 22). Taken together, this collection of complaints presented a confusing jumble of narratives, many of which did not correlate to the

same basic incident or claim. The court thereafter issued an order informing Plaintiff that she is only allowed to amend her complaint once as a matter of course and that thereafter she must first obtain leave of court in order to amend (ECF No. 23). The court noted in that order that her amended complaints more resembled supplemental complaints in that they appeared to add claims or allegations to her earlier complaints rather than replace them. Accordingly, the court reminded Plaintiff that, as per Local Rule 15.1, once an amended complaint is filed, all earlier complaints are disregarded.

Given the situation, the court allowed Plaintiff to file a tenth amended complaint but instructed her that she "must limit her allegations and claims to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations" (ECF No. 23 at 2). Plaintiff was also told that, after filing her tenth amended complaint, she should not file any further amended complaints until the court has had the opportunity to review the tenth amended complaint on the merits, which it is authorized to do under 28 U.S.C. § 1915(e).

Now before the court, the tenth amended complaint is a sprawling narrative of events occurring from 1994 to 2015 in both Florida and Oklahoma. Some of the events described in the complaint may have been intended as factual background only, but then it is difficult to distinguish between the background and her actual claims.

In fact, it is difficult to decipher just what her claims are or how they relate to her many allegations. However, the court will endeavor to provide a description of her claims and allegations.

Plaintiff identifies five Defendants in her complaint: Escambia County Sheriff David Morgan; Deputy Sheriffs Yost, Welborn and Meeks; and Correctional Officer Ms. Hudson, evidently employed at the Escambia County Jail.

Among her many allegations are the following, as the court can best discern them: That she was illegally arrested and jailed on false warrants in Oklahoma in 1994, that she was charged with a felony but it was later dropped, and that the judicial system in Oklahoma is corrupt (ECF No. 24 at 3–4); that she was assaulted by a flashlight or other lighting devices into the mirror (evidently of her car) to create glare (*id.* at 5); that she has received traffic tickets in Oklahoma at a ridiculous rate and has been constantly harassed and denied access to facilities in Oklahoma (*id.* at 5–6); that she has been receiving the same treatment in Florida that she was receiving in Oklahoma (*id.* at 6–7); that she was the object of racial and gender bias when she was arrested for trespassing at a laundry room in Oklahoma, which resulted in her injuring her back (*id.* at 7–8); that she was spat upon, either at the laundry room or at a restaurant after it had closed (*id.* at 9); that she received a citation for a traffic violation in Tulsa, Oklahoma for failing to dim her headlights, and that she made a

complaint with Escambia County in 2013, but was never contacted by them or by the Tulsa police department (*id.* at 11–12); that she also received a traffic ticket from Defendant Officer Meeks on November 27, 2014, for failing to dim her headlights while driving on West Mobile Highway, evidently in Escambia County, Florida, and that the ticket or warrant was illegal or false and meant only to "drive up fines and force [her] undue hardship in a bad economy with a bad job market during a war" (*id.* at 12–13, 18); that she later discovered that one of her headlights was out and thereafter tried to contest the charge on this basis, but her "statements were denied in court" (*id.* at 14–15); that the citation she received was a "copycat ticket" of an earlier ticket she received in Tulsa (*id.* at 14); and that Defendant Sheriff Morgan spoke against Moslem refugees and attacked Turkish people as enemies in a holy war (*id.* at 19).

Plaintiff claims violations of the following statutes or rules: 42 U.S.C. § 249; the Violent Crimes Control Law Enforcement Act of 1994; 18 U.S.C. §§ 241, 242; the Fifth Amendment Double Jeopardy Clause; 18 U.S.C. § 2071 ("falsifying reports"); 18 U.S.C. § 2724 ("civil action for false documents"); 28 U.S.C. § 1346; Fla. Stat. § 112.533 ("receipt and processing of complaints"); Fla. Stat. § 30.09; Fla. Stat. §§ 30.15(g), 30.01; Fla. Stat. § 817.49 ("unfair practices act – copycat crimes first

medes [sic] failed to dim"); Fla. Stat. § 112.3173; Fla. Stat. § 815.06 ("offense against film for scheme"); and Fla Rules 6.080, 6.140 (ECF No. 24 at 26).

As relief, Plaintiff seeks injunctive and/or declaratory relief to reverse the charges that were brought against her in both Oklahoma and Florida; to have her driver's license returned to her; to return her seized property; to stop radical extremism against her race, her illegal imprisonment, the plundering of her health, and the damage to her reputation and career which have been devastated; and ten million dollars to fight violence and corruption in Oklahoma (ECF No. 24 at 7, 20, 27).[1]

Even with the semblance of organization and readability that the court has attempted to superimpose over Plaintiff's allegations, it nevertheless is apparent that her allegations are a haphazard arrangement of facts and events. Moreover, Plaintiff sets out a litany of statutes, laws, and rules that Defendants are claimed to have violated, but there is virtually no linkage between those claimed violations and the

---

[1] Although Plaintiff was directed to file no further amended complaints, she nevertheless filed an Eleventh Amended Complaint which, in accordance with the local rules and the court's earlier order, would completely replace all previous complaints. However, this Eleventh Amended Complaint does not relate to any of Plaintiff's earlier complaints but rather presents an entirely new claim concerning a July 2016 altercation alleged to have occurred at a security station at the entrance to the Escambia County Courthouse (ECF No. 27 at 3). In this complaint, she identifies none of the earlier named Defendants but rather two new officers, Deputies Harper and Peterson of the Escambia County Sheriff's Department. The court therefore struck the Eleventh Amended Complaint because it did not comply with the local rules or the orders of this court and instructed that the Eleventh Amended Complaint could only be refiled as a separate cause of action (ECF No. 28). Thus, the court reviews the Tenth Amended Complaint as the operative pleading.

facts or events that allegedly brought them about.  In fact, many of the claims or allegations would appear to have no connection with the Defendants that Plaintiff has identified.  This is especially so as it pertains to events that Plaintiff alleges to have occurred in Oklahoma.  Plaintiff's allegations hint at a conspiracy involving police departments, law enforcement officials, and judges in both Florida and Oklahoma, but such a broad, far-reaching conspiracy is completely without factual support in the complaint.  A complaint containing conclusory, vague, and general allegations of conspiracy will be dismissed as insufficient.  Bendiburg v. Dempsey, 909 F.2d 463, 468 (11th Cir. 1990); Arnold v. Board of Education of Escambia County, Alabama, 880 F.2d 305, 309 n.2 (11th Cir. 1989); Kearson v. Southern Bell Telephone & Telegraph Co., 763 F.2d 405, 407 (11th Cir. 1985).  The complaint must demonstrate that the conspiratorial acts intruded upon plaintiff's federal rights, and it must detail how the defendants reached an agreement or understanding to commit the acts.  Bendiburg, 909 F.2d at 463.  Sufficient factual information must be presented so that there is an adequate basis for believing that the conspiracy existed.  Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984).

   The court further notes that much of Plaintiff's complaint concerns events that occurred in Oklahoma, which of course is far afield from the law enforcement jurisdiction of the Defendants.  Absent a credible claim of conspiracy, there is no

nexus between these claims and the Defendants. Furthermore, because these claims took place in Oklahoma, and most notably in Tulsa, venue for that sizable portion of the complaint would belong in the United States District Court for the Northern District of Oklahoma. *See* 28 U.S.C. §§ 1391(b), 1404.

Additionally, although Plaintiff does not identify or explain particular traffic citations or their related hearings and findings, her complaint seems geared toward invalidating them. Although Plaintiff filed her complaint pursuant to 42 U.S.C. § 1983, the form of relief she seeks is in the nature of habeas corpus. Based upon the Supreme Court decision in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), dismissal of the instant action is warranted. The Court in Heck stated that an action under section 1983 that by its nature challenges the lawfulness of a conviction or sentence is not cognizable unless and until the sentence or conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 2372. Absent such an invalidation, the section 1983 suit must be dismissed.

Heck reaffirmed what the Supreme Court earlier stated in Preiser v. Rodriguez, 411 U.S. 475, 490 (1973), that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of

their confinement, and that specific determination must override the general terms of § 1983." Regardless of the label Plaintiff may place on the action, any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus claim. Prather v. Norman, 901 F.2d 915, 918–19 n.4 (11th Cir. 1990) (per curiam); McKinnis v. Mosley, 693 F.2d 1054, 1057 (11th Cir. 1982). Thus, claims for declaratory or injunctive relief which are in the nature of habeas corpus claims because they challenge the validity of a conviction or sentence are simply not cognizable under § 1983. Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995). Furthermore, though the complaint is unclear as to whether Plaintiff also seeks monetary damages, to the extent she does so, the holding in Heck specifically extended the holding in Preiser to damage claims and held that such claims are not cognizable unless and until the conviction is overturned. Heck, 512 U.S. at 487, 114 S. Ct. at 2372.[2]

---

[2] Under Florida law, a "conviction" is defined as a determination of guilt that is the result of a plea or a trial, regardless of whether adjudication is withheld. *See* Fla. Stat. § 921.0021(2), § 960.291(3); Behm v. Campbell, 925 So. 2d 1070, 1072 (Fla. 5th DCA 2006) (no contest plea constituted conviction under Florida law even though adjudication was withheld, barring false arrest and battery claims stemming form arrest). Whether Heck bars an action where the conviction did not lead to confinement, which *appears* to be the case here, is not quite settled. *See* Rolle v. Dilmore, No. 4:14cv339/RH/CAS, 2014 WL 6882634, at *2 (N.D. Fla. Dec. 3, 2014) (unpublished) (citing Ferenc v. Haynes, 4:10cv138–RH/WCS, 2010 WL 4667569 (N.D. Fla. Nov. 9, 2010) (unpublished) (collecting cases)). In unpublished decisions, the Eleventh Circuit has applied Heck to plaintiffs who were not in custody and habeas corpus relief was unavailable. *See* Reilly v. Herrera, 622 F. App'x 832, 2015 WL 4508750, at *2–3 (11th Cir. July 27, 2015); Christy v. Sheriff of Palm Beach Cnty., Fla, 288 F. App'x 658, 666 (11th Cir. 2008); Vickers v. Donahue, 137 F.

Furthermore, while it is difficult to determine the precise charges or citations that Plaintiff focuses on, or the resultant injuries claimed by her, it does appear that Plaintiff has already litigated some, if not all, of these issues.  For instance, Plaintiff references a November 27, 2014, traffic incident that resulted in citations being issued against her (ECF No. 24 at 12, 16).  The court takes judicial notice that Plaintiff separately filed Brewer v. Escambia County Courts, Case No. 3:16cv72/MCR/EMT, which also dealt with the same traffic incident, and for which a Report and Recommendation was issued on July 26, 2016, recommending dismissal of the case for failure to state a claim upon which relief may be granted.  *See* Case No. 3:16cv72/MCR/EMT at ECF No. 7.  Likewise, Plaintiff references a traffic citation she received on September 18, 2011 (ECF No. 24 at 13, 17).  The court takes notice of Brewer v. City of Gulf Breeze, Case No. 3:15cv489/MCR/EMT, which dealt with this incident, and resulted in the dismissal of the case on December 14, 2015, for failure to state a claim.  *See* Case No. 3:15cv489/MCR/EMT at ECF Nos. 5, 10).  In fact, Plaintiff also raised a claim regarding the same incident in Brewer v. City of Gulf

---

App'x 285, 287 (11th Cir. 2005); Koger v. Florida, 130 F. App'x 327 (11th Cir. 2005) (concluding that the plaintiff's § 1983 claim was barred under Heck because it would necessarily undermine the state court's finding that plaintiff was guilty of a traffic infraction, and not addressing the issue of the unavailability of habeas relief, even though the plaintiff almost surely was not in custody at the time he commenced the § 1983 action).  To the extent that Plaintiff's claims would directly attack or necessarily imply the invalidity of her convictions, the undersigned finds them barred by Heck and subject to dismissal without prejudice.

Breeze, Case No. 3:15cv573/RV/EMT; the claim was dismissed on July 29, 2016, as abusive of the judicial process and under res judicata. *See* Case No. 3:15cv573/RV/EMT at ECF Nos. 9, 11).**³**

The doctrine of res judicata bars the filing of claims that were raised or could have been raised in an earlier proceeding when (1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases. Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999). Thus, to the degree that Plaintiff makes claims against the traffic citations identified above, they may well be subject to dismissal under res judicata.

Moreover, those of Plaintiff's claims that are duplicative of earlier lawsuits she has filed would be subject to dismissal under § 1915(e)(2)(B)(i) as malicious. *See* Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988) (an in forma pauperis complaint repeating the same factual allegations asserted in an earlier action is due to be dismissed under 28 U.S.C. § 1915); Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (an in forma pauperis complaint containing the same allegations as a

---

³ While the court has identified three duplicative cases, this does not rule out the possibility that there may be more duplication in the many cases she has filed in this district.

prior complaint dismissed under § 1915 may be dismissed as frivolous or malicious); Crisalfi v. Holland, 655 F.2d 1305, 1309 (D.C. Cir. 1981) ("A complaint that merely repeats pending or previously litigated claims may be considered abusive, and a court may look to its own records to determine whether a pleading repeats prior claims.").

It has been stated before in other of Plaintiff's cases before the court, but it bears repeating here, that Plaintiff has filed numerous cases in this district in a relatively short period of time. It appears likely that all of the cases she has filed have been or will be dismissed summarily prior to service, usually as frivolous, malicious or for failing to state a valid claim:

- Brewer v. Meadows, Case No. 3:15cv95/RV/EMT (Dismissed for failure to state a claim upon which relief may be granted)

- Brewer v. Nelson, Case No. 3:15cv145/MCR/EMT (Dismissed for failure to state a claim upon which relief may be granted)

- Brewer v. Bodenhausen, 3:15cv154/RV/EMT (Dismissed for failure to state a claim upon which relief may be granted)

- Brewer v. Willis, Case No. 3:15cv183/RV/EMT (Dismissed for failure to comply with order of the court)

- Brewer v. Pensacola Police Dep't, Case No. 3:15cv469/MCR/CJK (Dismissed for failure to state a claim upon which relief may be granted)

- <u>Brewer v. City of Pensacola</u>, Case No. 3:15cv484/MCR/EMT (Dismissal recommended for failure to state a claim upon which relief may be granted)

- <u>Brewer v. City of Gulf Breeze</u>, Case No. 3:15cv489/MCR/EMT (Dismissed as frivolous)

- <u>Brewer v. United States Marshals Courthouse Security</u>, Case No. 3:15cv497/MCR/EMT (Dismissed as frivolous and for lack of jurisdiction)

- <u>Brewer v. Area Housing Comm'n</u>, Case No. 3:15cv500/MCR/EMT (Dismissal recommended for failure to state a claim upon which relief may be granted)

- <u>Brewer v. US Attorneys Security</u>, 3:15cv563/MCR/CJK (Dismissed summarily before service)

- <u>Brewer v. Pensacola Police Dep't</u>, Case No. 3:15cv567/MCR/CJK (Dismissed for failure to state a claim upon which relief may be granted)

- <u>Brewer v. City of Gulf Breeze</u>, Case No. 3:15cv573/RV/EMT (Dismissed as frivolous, abusive, and barred from review)

- <u>Brewer v. Pensacola Police Department</u>, 3:16cv30/MCR/EMT (Dismissed as abusive of the judicial process)

- <u>Brewer v. State of Oklahoma</u>, Case No. 3:16cv48/MCR/EMT (Dismissed as abusive of the judicial process)

- <u>Brewer v. Escambia County Courts</u>, Case No. 3:16cv72/MCR/EMT (Dismissal recommended for failure to state a claim upon which relief may be granted)

- <u>Brewer v. Gonzalez</u>, Case No. 3:16cv91/MCR/CJK (Dismissed summarily before service)

- Brewer v. Escambia Cty. Sheriff's Dep't, Case No. 3:15cv89/MCR/CJK (currently before the court on Plaintiff's sixth amended complaint)

While the courthouse doors should remain open to those who cannot afford the costs of litigation, there is a limit to how much a litigant can abuse that privilege by repeatedly filing meritless cases.  *See* Smith v. United States, 386 F. App'x 853, 857–58 (11th Cir. 2010); Cofield v. Alabama Pub. Serv. Comm'n, 936 F.2d 512, 517–19 (11th Cir. 1991); Procup v. Strickland, 792 F.2d 1069, 1074 (11th Cir. 1986) ("The court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others").

To return to the central point, Plaintiff has been given the opportunity to amend and refine her claims, and indeed has filed numerous amended complaints, yet the tenth amended complaint remains an inscrutable document.  Further, as detailed herein, the court has attempted to decipher what some of her claims may be, and the resulting claims all appear to be meritless.  As indicated earlier, a possible reason for Plaintiff's inability to put forth a coherent claim may stem from the idea that her aim was to claim a wide-ranging conspiracy against her to cause her legal or other injury.  Again, if that be the case, Plaintiff's claim is purely conclusory and therefore meritless.

Although courts should and do show leniency to pro se litigants, *see, e.g.*, Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir.1990), "leniency does not give a court license to serve as de facto counsel for a party, . . . or to rewrite an otherwise deficient pleading in order to sustain an action." GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted). It is proper to dismiss a complaint when there is a repeated failure to provide a "short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8(a) of the Federal Rules of Civil Procedure. Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir.1988); Davis v. Hyatt Regency Oakland Westenhaver, No. 88-2616, 1989 WL 42901, at *3 (9th Cir. Apr. 24, 1989) (citing Prezzi v. Schelter, 469 F.2d 691, 692 (2d Cir. 1972)); Taylor v. Florida Dept. of Corrections, No. 3:10cv76/WS/EMT, 2012 WL 2202838, at *1 (N.D. Fla., May 23, 2012); *see also* Ebrahimi v. City of Huntsville Bd. of Educ., 114 F.3d 162, 165 (11th Cir. 1997) (emphasizing importance of addressing "shotgun pleadings" at an early stage to prevent unmanageable pleadings from taxing the court's docket). Where a complaint amounts to a "labyrinthian prolixity of unrelated and vituperative charges that def[y] comprehension," dismissal is appropriate. Prezzi, 469 F.2d at 692; Baron v. Complete Mgt., Inc., 260 F. App'x 399, 400 (2nd Cir. 2008) (affirming dismissal of complaint described as "virtually unintelligible" and "frivolous and harassing"); Bishop v.

Romer, 172 F.3d 62 (10th Cir. 1999) (Table, Text in Westlaw); Corcoran v. Yorty, 347 F. 2d 222, 223 (9th Cir. 1965).

Finally, many of Plaintiffs allegations, or the inferences that she draws from them, are simply removed from reality.[4]  A complaint is subject to dismissal as frivolous where the claims do not express a legal interest that actually exists or where they involve "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 327–28, 109 S. Ct. 1827 (1989); *see also* Iqbal, 556 U.S. at 696; Denton v. Hernandez, 504 U.S. 25, 32–33, 112 S. Ct. 1728 (1992) (under 28 U.S.C. § 1915, a federal court may dismiss a complaint whose factual contentions describe "fantastic or delusional scenarios").  Separate from the authority of the court to dismiss for failure to state a claim, the power to dismiss a claim as frivolous provides courts with "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Miller v. Donald, 541

---

[4] As examples, gleaned from the first several pages of the lengthy complaint, Plaintiff complains of: ongoing gender based violence encouraged through the court system (ECF No. 24 at 3); false reports by police that are "violently corrupt to . . . plunder my career" (*id.*); "corruption and the destruction of my successful image as a dual Turkish citizen" (*id.* at 4); the plundering of her career "producing 3 out of 5 top museums in California and one Department of Defense contract"(*id.*); "Perjury, false reports, false imprisonments, and a conspiracy of rights to destroy my being exists in Oklahoma due to racism of National origin and gender based violence with extensive wars with Moslems since the late 1990's, also in Iran in the 1980's" (*id.* at 5); "return[ing] to Florida as a Red Cross victim and . . . fought stalking, and was denied" (*id.* at 6); and "Rebel flags and sexist posters were visibly viewed by my abuser, as were demonstrations of weapons openly on the internet for the police to reign in, instead they chose to ruin my career and the credibility of this country" (*id.* at 7).

F.3d 1091, 1100 (11th Cir. 2008) (quoting <u>Neitzke</u>, 490 U.S. at 327, 109 S. Ct. at 1833).  Thus, under this standard, "wildly implausible allegations in the complaint should not be taken to be true." *Id.*; *see also, e.g.,* <u>Gallop v. Cheney</u>, 642 F.3d 364, 366, 368–69 (2d Cir. 2011) (district court permitted to sua sponte dismiss complaint as factually frivolous where plaintiff, represented by counsel, filed complaint alleging that senior United States government officials caused the attacks of September 11, 2001); <u>Russ v. Williams</u>, No. 5:14cv164/RS/EMT, 2014 WL 7404060 at *2 (N.D. Fla. Dec. 30, 2014) (dismissing as frivolous claims that were "essentially rooted in [the plaintiff's] belief that federal agencies are secretly engaged in a conspiratorial vendetta against him whereby every otherwise legitimate action taken by any agency . . . is seen through the lens of this overarching conspiracy that Plaintiff believes exists").

As Plaintiff has not presented a viable complaint under Section 1983, the complaint should be dismissed.

Accordingly, it respectfully **RECOMMENDED:**

1.      That the complaint be **DISMISSED** without prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) as frivolous and for failure to state a claim upon which relief may be granted.

    2.       That all pending motions be denied as moot.

At Pensacola, Florida, this 5<u>th</u> day of August 2016.

                /s/ *Elizabeth M. Timothy*
                **ELIZABETH M. TIMOTHY**
                **CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**